UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GLEE FLEET, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 1:04-cv-0507-DFH-TAB |
| ) | |
| INDEPENDENT FEDERAL CREDIT ) | |
| UNION EMPLOYEE BENEFIT PLAN, ) | |
| ) | |
| Defendant. ) | |

ENTRY ON MOTION TO DISMISS IN PART AND REMAND

Plaintiff Glee Fleet seeks payment of disability benefits and waiver of life insurance premiums under her employee benefit plan.  The Independent Federal Credit Union Benefit Plan ("Benefit Plan" or "the Plan") provided disability and life insurance coverage, among other benefits, to employees of Fleet's employer, the Independent Federal Credit Union ("IFCU").  The Benefit Plan was underwritten by CUNA Mutual Insurance Society ("CUNA").  Fleet was vice president of Human Resources and Operations at the IFCU.  She both administered and participated in the Plan.

The Benefit Plan and the case are governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq*.  Fleet alleges that the defendant Benefit Plan wrongfully denied short term and long term disability benefits and wrongfully terminated life insurance benefits for which she was

eligible.  The Plan has moved to dismiss Fleet's claims of wrongful denial of long term disability benefits and wrongful termination of life insurance benefits, and to remand the case to CUNA for exhaustion of administrative remedies.  The defendant's theory is that it made a final decision only as to Fleet's eligibility for short term disability benefits, and that it has not yet determined whether she is entitled to long term disability benefits and a life insurance premium waiver, so that there is no administrative record relating to those claims.  The defendant's motion relies on the well-established rule that a district court has discretion to require exhaustion of administrative remedies before considering an ERISA claim for benefits.  *E.g., Stark v. PPM America, Inc.*, 354 F.3d 666, 671 (7th Cir. 2004); *Gallegos v. Mount Sinai Medical Center*, 210 F.3d 803, 808 (7th Cir. 2000).

Plaintiff's response to the motion simply demolished the factual basis for defendant's motion.  Plaintiff came forward with evidence, primarily from defendant's own employees and records showing:

First, plaintiff did not limit her original application to only short term disability benefits.  In fact, if the condition was something that presented "an on-going process," the Plan's standard practice was to consider a disability application for both short term and long term benefits. See Brueggeman Dep. at 104-05.

Second, when plaintiff appealed the denial of benefits in two letters, dated October 8, 2002 and November 21, 2002, she stated clearly that she was appealing the denial of both short term and long term benefits.  Then, in response to the first appeal letter, the Plan asked for more information and said: "Once this information is provided, *we will review and make a decision regarding your eligibility for Long-Term disability benefits*."  AR 141 (emphasis added).  Another internal review document summarizing the Plan's decision on June 5, 2003 described the denial decision as the "Final ERISA" decision under both the "STD" (short term disability) and "RLTD" (revised long term disability) policies.  Brueggeman Dep. Ex. 18; see also Brueggeman Dep. at 123 (explaining "RLTD").

Third, the Plan evaluated plaintiff's case under both the short term and long term policies.  The Plan actually applied the standard applicable to long term benefits, which required objective medical evidence of disability, which was not required for short term benefits.  The Plan also sought input from the reinsurer that covered *only* long term benefit claims.  Brueggeman Dep. Ex. 7.  In fact, CUNA's Brueggeman wrote to the reinsurer on January 2, 2003:  "Please advise on what next steps to take, or if you feel that we have enough documentation to uphold the denial.  I have also enclosed the copy of the LTD Plan from her prior carrier – Phoenix.  As she is pre-existing under CUNA Mutual Group's plan, we would use Phoenix."  *Id.*; AR 120.  There was no point in having the reinsurer involved if only short term benefits had been involved.

This description could go on with additional detail, but these facts are sufficient to make the points that: (1) plaintiff was asking for long term disability benefits, (2) the Plan knew she was asking for long term disability benefits, and (3) the Plan acted at least some of the time as if it was deciding and denying long term disability benefits.

In its reply brief, the defendant Plan effectively abandoned its defense of failure to exhaust administrative remedies. The reply brief says: "The reasons for remand in this case are wholly independent of the judicial policy requiring exhaustion of administrative remedies. Accordingly, facts tending to show that Fleet did resort to available administrative remedies do not detract from the compelling reasons in favor of a remand here." Docket No. 72 at 2.

The reply brief offers a new argument in support of remand, this time arguing that a more complete administrative record is needed for judicial review. In effect, the reply brief asks for what golfers know as a Mulligan at the administrative level. Moreover, the reply brief is itself a Mulligan with respect to the motion. It abandons the initial argument and raises a new one.

Defendant's failure to raise this issue in its opening brief could justify summary rejection of its argument. This is an issue of basic fairness, and of keeping litigation costs under control. If a party faces the risk of losing a case based on arguments raised for the first time in reply briefs, the risk of "bait and

-4-

switch" motions rises. In the face of that risk, the party opposing a motion faces an impossible task of responding both to the motion that was filed and to other issues that the moving party might have raised but did not. The law should not require such efforts. "When a party moves for summary judgment on ground A, his opponent is not required to respond to ground B – a ground the movant might have presented but did not." *Malhotra v. Cotter & Co.*, 885 F.2d 1305, 1310 (7th Cir. 1989), superseded on other grounds by statute, *Rush v. McDonald's Corp.*, 966 F.2d 1104, 1119-20 (7th Cir. 1992).

The reply brief relies on two cases, *Rankins v. Long Term Disability Plan for Employees of Franklin Life Ins. Co.*, 6 F. Supp. 2d 988, 990-92 (C.D. Ill. 1998), and *Robyns v. Reliance Standard Life Ins. Co.*, 2001 WL 699886 (S.D. Ind. May 17, 2001). Defendant discussed both cases in the opening brief, but as part of the now abandoned argument on failure to exhaust administrative remedies. Docket No. 38 at 7-9. In the reply brief, the defendant argues that these cases support a remand even though plaintiff has shown that she exhausted her administrative remedies. Because the cases were at least mentioned in the opening brief, though as part of a different and now discredited argument, the court addresses the new argument briefly.

*Robyns* is readily distinguishable from this case. The unusually convoluted procedure there had resulted from an earlier lawsuit that had been dismissed as premature and a later renewal of an application for benefits that was rejected for

being too late. The court exercised its discretion to remand where, as a result of both sides' intransigence, the plan had never considered evidence critical to the disability question. The court remanded the case for consideration of that evidence as the shortest path to resolution of litigation that had already been going on for seven years and where several key questions of law remained uncertain. 2001 WL 699886, at *1. The court eventually found on *de novo* review that the plaintiff was not disabled but that the plan's refusal to consider her renewed application had been contrary to the terms of the plan and ERISA. *Robyns v. Reliance Standard Life Ins. Co.*, 2003 WL 21850820 (S.D. Ind. July 10, 2003). The court later found that the procedural violation of ERISA did not warrant further remedies because both parties had been responsible for the confusing and incomplete state of the administrative record. *Robyns v. Reliance Standard Life Ins. Co.*, 2004 WL 1146466, *5-6 (May 13, 2004) (final decision on remedy).

The *Rankins* decision supports the view that a district court may exercise its discretion to remand a benefits dispute to a plan administrator who has simply failed to address important questions, at least in unusual cases like *Robyns*. *Rankins* does not suggest that such remands are necessary, however. If the procedure were to become routine, it would pose a serious risk of simply allowing "Mulligans" to sloppy plan administrators – at the expense of both the courts and plan participants and beneficiaries. The Seventh Circuit has cautioned against such a risk: "It would be a terribly unfair and inefficient use of judicial resources

to continue remanding a case to [the plan administrator] to dig up new evidence until it found just the right support for its decision to deny an employee her benefits." *Dabertin v. HCR Manor Care, Inc.*, 373 F.3d 822, 832 (7th Cir. 2004), citing *Vega v. National Life Ins. Servs., Inc.*, 188 F.3d 287, 302 n.13 (5th Cir. 1999) (*en banc*) (parties must make their full records before coming to federal courts and not allow the case to "oscillate between the courts and the administrative process"); see also *Casey v. Uddeholm Corp.*, 32 F.3d 1094, 1099 & n.4 (7th Cir. 1994) (under *de novo* review, district court should decide issues not addressed by plan administrator rather than remand to plan).

In this case, there is no reason to order a remand at this time to give the plan an opportunity to have that further opportunity (after two administrative appeals) to fix its record. It is still possible, though, that the court could find on judicial review here that the plan administrator's consideration of the case was arbitrary and capricious, and that a remand is needed as the appropriate remedy *for plaintiff.* See, *e.g., Gallo v. Amoco Corp.*, 102 F.3d 918, 923 (7th Cir. 1996) (*dicta*).

Accordingly, the court denies defendant's motion to dismiss in part and remand. The court will hold a status conference on Friday, June 10, at 9:30 a.m. in Room 330, Birch Bayh U.S. Courthouse, Indianapolis, Indiana, to discuss how the case can best be brought to resolution.

So ordered.

Date:  May 18, 2005

_____
DAVID F. HAMILTON, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Bridget O'Ryan
boryan@indy.rr.com

James D. Harbert
HINSHAW & CULBERTSON LLP
jharbert@hinshawlaw.com

Renee J. Mortimer
HINSHAW & CULBERTSON LLP
rmortimer@hinshawlaw.com

-8-